# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROSA A. PATINO | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SHEEN CLEANERS, INC., 17'S CLEANERS & TAILORS, INC., RUBY CLEANERS & OUTLET, INC. and SOOK J ROH aka SOOKJA SUSAN ROH aka SUSAN ROH | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Rosa Patino, by and through her attorneys, Becerra Law Group, LLC, for her Complaint against Sheen Cleaners, Inc., 17's Cleaners & Tailors, Inc., Ruby Cleaners & Outlet, Inc., and Sook J. Roh aka Sookja Susan Roh aka Susan Roh (herein "Defendants"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.  This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL") for Defendants' failure to pay Plaintiff minimum wages and overtime wages.

### JURISDICTION AND VENUE

2.  This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this judicial district as the facts and events giving rise to

Plaintiff's claims occurred in this judicial district.

## THE PARTIES

4. Plaintiff Rosa Patino resides and is domiciled in this judicial district.

5. Plaintiff Rosa Patino is a former employee of Defendants. She performed a variety of non-exempt tasks for Defendants, including but not limited to, cleaning, taking customer orders, and executing credit card transactions.

6. During the course of her employment, Plaintiff Rosa Patino performed non-exempt work.

7. At all times material hereto, Plaintiff was "engaged in commerce" and/ or engaged in the "production of good for commerce" and subject to individual coverage of the FLSA.

8. Plaintiff Rosa Patino executed credit card transactions daily on behalf of Defendants' customers.

9. Defendants Sheen Cleaners, Inc., 17's Cleaners & Tailors, Inc., Ruby Cleaners & Outlet, Inc. are Illinois corporations doing business within this judicial district. Defendants Sheen Cleaners, Inc., 17's Cleaners & Tailors, Inc., Ruby Cleaners & Outlet, Inc. are an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

10. At all times material hereto, upon information and belief the annual gross revenue of Defendants Sheen Cleaners, Inc., 17's Cleaners & Tailors, Inc., Ruby Cleaners & Outlet, Inc. was in excess of $500,000 per annum.

11. At all times material hereto, Defendants had two (2) or more employees handling,

selling, or otherwise working on goods or materials that had been moved in or had been produced for commerce.

12. Defendants Sheen Cleaners, Inc., 17's Cleaners & Tailors, Inc., Ruby Cleaners & Outlet, Inc. were Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3 in the three years prior to the filing of this lawsuit.

13. Defendant Sook J. Roh aka Sookja Susan Roh aka Susan Roh is the President and Secretary of Sheen Cleaners, Inc., 17's Cleaners & Tailors, Inc., Ruby Cleaners & Outlet, Inc. is involved in the day-to-day business operation of Sheen Cleaners, Inc., 17's Cleaners & Tailors, Inc., Ruby Cleaners & Outlet, Inc. Among other things, Defendant Roh has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and he has the authority to participate in decisions regarding employee compensation and capital expenditures.

14. Defendant Roh manages the three corporations like a single entity.

15. Defendant Roh was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

16. Defendant Roh resides and is domiciled in this judicial district.

**FACTUAL ALLEGATIONS**

17. Defendants operate dry cleaners and laundry services in this judicial district.

18. Plaintiff was a cashier at Sheen Cleaners located at 1542 North Clark Street in Chicago, Illinois.

19. The corporations share employees and are managed as a single entity by Defendant Roh; for example, all of the clothes collected at Sheen Cleaners is laundered by Ruby Cleaners & Outlet, Inc and an employee of Ruby delivered Plaintiff's wages.

20. From approximately 13 years, Plaintiff Rosa Patino worked an average of 84 hours per week, but was not paid time and a half for all hours over 40 she worked for the Defendants.

21. During this period, she was paid a salary of $700 per week and her hourly rate of $8.33 per hour was below the City of Chicago minimum wage rate.

22. Plaintiff was paid in cash.

23. In September 2019, Defendants reduced Plaintiff's hours to 40 hours per week and paid her $240.00 per week.

24. This reduction in hours and pay reduced her hourly rate to $6.00 an hour which is below the Illinois minimum wage rate and the City of Chicago minimum wage rate.

25. As shown above, throughout her employment, Defendant failed to pay Plaintiff the Illinois and federal mandated minimum wages and overtime pay.

## COUNT I
### Violations of the Fair Labor Standards Act - Overtime Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 25 of this Complaint, as if fully set forth herein.

26. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiff.

27. Plaintiff worked for Defendants and was an "employee" of Defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

28. Defendants were Plaintiff's "employer(s)" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

29. During the course of her employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

30. Plaintiff was directed by Defendants to work, and did work, in excess of 40 hours per week.

31. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of 40 hours, she was entitled to be compensated at a rate of one and one-half times her regular hourly rate of pay.

32. Defendants did not compensate Plaintiff at a rate of one and one-half times her regular hourly rate of pay for time she worked in excess of 40 hours in individual workweeks.

33. Defendants' failure to pay Plaintiff overtime wages for time worked in excess of 40 hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

   A. A judgment in the amount of one and one-half times the City of Chicago minimum wage rate for all time Plaintiff worked in excess of 40 hours per week;

   B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

   C. Reasonable attorneys' fees and costs incurred in filing this action; and

   D. Such other and further relief as the Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 33 of this Complaint, as if fully set forth herein.

34. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

35. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings

5

this action pursuant to 820 ILCS 105/12(a).

36. At all relevant times herein, Defendants were Plaintiff's "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendants' "employee" within the meaning of that Act.

37. During the course of her employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

38. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of 40 hours, Plaintiff was entitled to be compensated at one and one-half times her regular hourly rate of pay for time worked in excess of 40 hours per week.

39. Defendants failed to pay Plaintiff one and one-half times her regular hourly rate of pay for time worked in excess of 40 hours per week.

40. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times her regular hourly rate of pay for all time worked in excess of 40 hours per week.

41. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for 3 years prior to the filing of this suit, plus damages.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

    A. A judgment in the amount of one and one-half times the City of Chicago mandated minimum wage rate for all time which Plaintiff worked in excess of 40 hours per week;

    B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

    C. Reasonable attorneys' fees and costs incurred in filing this action; and

    D. Such other and further relief as the Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Minimum Wage Law – Minimum Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 41 of this Complaint, as if fully set forth herein.

42. This count arises from Defendants' violation of the IMWL for Defendants' failure and refusal to pay Plaintiff state-mandated minimum wages for all time she worked.

43. During the course of her employment with Defendants, Plaintiff was not compensated at the Illinois minimum wage rate or the City of Chicago minimum wage rate.

44. Plaintiff was entitled to be paid the Illinois minimum wage and the City of Chicago minimum wage rate for all time worked.

45. Defendants failed to pay the Illinois minimum wage for all time worked.

46. Defendants' failure to pay the Illinois minimum wage rate violated the minimum wage hour provisions of the IMWL.

47. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for 3 years prior to the filing of this suit, plus damages.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law at the City of Chicago minimum wage rate;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law; and

D. Such other and further relief as this Court deems appropriate and just.

                                                   Respectfully submitted,

Dated: October 15, 2019            **ROSA PATINO**


                                            By: /s/Carlos G. Becerra
                                                One of Plaintiff's Attorneys


CARLOS G. BECERRA (ARDC #6285722)
Becerra Law Group, LLC
11 E. Adams St., Suite 1401
Chicago, Illinois 60603
Telephone: (312)957-9005
Facsimile: (888)826-5848
E-mail: cbecerra@law-rb.com