UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROSA A. PATINO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-cv-06817 |
| ) | |
| SHEEN CLEANERS, INC., 17'S ) | |
| CLEANERS & TAILORS, INC., RUBY ) | Judge Sharon Johnson Coleman |
| CLEANERS & OUTLET INC., and SOOK ) | |
| J. ROH aka SOOKJA SUSAN ROH aka ) | |
| SUSAN ROH ) | |
| ) | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Rosa Patino brings this action against defendants Sheen Cleaners, Inc. ("Sheen Cleaners"), 17's Cleaners & Tailors, Inc. ("17's Cleaners"), Ruby Cleaners & Outlet Inc. ("Ruby Cleaners") (collectively, "Corporate Defendants"), and Sook J. Roh aka Sookja Susan Roh aka Susan Roh ("Roh") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. (Count I), and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 et seq. (Counts II and III). Defendants move to dismiss plaintiff's complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(6) and Rule 8(a). For the reasons stated below, the Court grants in part and denies in part defendants' motion to dismiss [27].

**Background**

The following allegations are taken as true for the purpose of ruling on this motion. Defendants operate dry cleaners and provide laundry services in Illinois. Patino was employed by defendants for approximately thirteen years as a cashier at Sheen Cleaners located at 1542 North Clark Street in Chicago, Illinois. Patino's duties were, "including but not limited to, cleaning, taking customer orders, and executing credit card transactions." (Compl. at ¶ 5.)

1

Over the course of her employment, Patino was paid in cash $700 per week at a rate of $8.33 per hour. Patino worked an average of 84 hours per week. Defendants failed to pay Patino the appropriate overtime rate for the work that she performed in excess of forty hours in an individual week. Defendants also failed to pay Patino the Illinois and City of Chicago minimum wage rates. In September of 2019, Patino's hours were reduced to 40 hours per week and she was paid $240 per week at a rate of $6.00 per hour.

Roh is the president and secretary of the Corporate Defendants. Patino alleges that Roh "is involved in [the Corporate Defendants'] day-to-day business operation." (*Id.* at ¶ 13.) She also alleges that Roh "has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and he has the authority to participate in decisions regarding employee compensation and capital expenditures." (*Id.*) According to Patino, the Corporate Defendants share employees and Roh manages the Corporate Defendants "as a single entity[.]" (*Id.* at ¶ 19.) She alleges that all the clothes collected at Sheen Cleaners was washed by Ruby Cleaners. Patino further alleges that an employee of Ruby Cleaners distributed her wages.

Based on this conduct, Patino filed suit against defendants alleging violations of the FLSA and the IMWL. Defendants now move to dismiss all counts.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). When considering the motion, the Court accepts as true all well pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). Under the notice pleading standards of Rule 8, a complaint must set forth sufficient factual material, taken as true, to raise the plaintiff's right to relief

2

"above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To survive dismissal, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed. 2d 868 (2009). A claim has facial plausibility when the complaint's factual content allows the Court to draw a reasonable inference that the defendants are liable for the misconduct alleged. *Id.* at 678, 129 S.Ct. 1937.

**Discussion**

1. **FSLA Coverage**

Defendants argue that plaintiff failed to sufficiently allege that defendants are a single enterprise under the FLSA. An employee is covered by the FSLA if the plaintiff is either engaged in commerce[1] (individual coverage) or the employer is an enterprise engaged in commerce (enterprise coverage). *See* 29 U.S.C. §§ 206, 207. Under the FLSA, the term enterprise is defined as "the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose." 29 U.S.C. § 203(r)(1). By failing to respond to defendants' argument regarding enterprise coverage, Patino has waived this claim. *Citizens for Appropriate Rural Roads v. Foxx*, 815 F.3d 1068, 1078 (7th Cir. 2016).

Nonetheless, the Court permits plaintiff's Count I to proceed on the issue of FLSA coverage because defendants did not challenge the sufficiency of plaintiff's individual coverage argument.

2. **FLSA Liability**

Defendants also argue that plaintiff failed to sufficiently allege that defendants are joint employers under the FLSA. The FLSA mandates employers to pay certain employees overtime compensation of one and one-half times their normal wages for work performed in excess of 40

---

[1] In this context, the term "commerce" denotes interstate commerce. See 29 U.S.C. § 203(b); *Aranda v. J Vega's Constr., Inc.*, No. 17 C 7886, 2018 WL 3232790, at *2 (N.D. Ill. July 2, 2018) (Kendall, J.).

hours per week. 29 U.S.C. § 207(a). The term "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" 29 U.S.C. § 203. To determine whether an entity is an employer, the Seventh Circuit has concluded that courts must examine the "economic reality" of the working relationship. *Hollins v. Regency Corp.*, 867 F.3d 830, 835 (7th Cir. 2017). In examining this, courts consider whether the alleged employer had the power to hire and fire employees, supervised and controlled employee work schedules or conditions, determined the rate and method of payment, and maintained employment records. *Stephenson v. TCC Wireless, LLC*, No. 17-CV-7258, 2018 WL 888759, at *2 (N.D. Ill. Feb. 14, 2018). It is well established that an employee may have more than one employer at a time. *Ivery v. RMH Franchise Corp.*, 280 F. Supp. 3d 1121, 1128 (N.D. Ill. 2017) (Tharp, J.). Courts apply the same economic reality test "to determine whether more than one employer may be held liable under the FLSA." *Babych v. Psychiatric Sols., Inc.*, No. 09 C 8000, 2011 WL 5507374, at *7 (N.D. Ill. Nov. 9, 2011) (Lefkow, J.). Although the joint employer analysis depends on the specific facts of each case, the Seventh Circuit has underscored that "for a joint-employer relationship to exist, each alleged employer must exercise control over the working conditions of the employee." *Moldenhauer v. Tazewell-Pekin Consolidated Comm. Ctr.*, 536 F.3d 640, 644 (7th Cir. 2008).

Here, plaintiff alleges that defendants were her "'employer' as that term is defined by the FLSA, 29 U.S.C. 203(d)." (Compl. ¶ at 12.) She further alleges that she was a cashier at Sheen Cleaners. Plaintiff alleges that Roh is the president and secretary of the Corporate Defendants, which, as mentioned above, includes all three cleaners. She alleges that Roh "is involved in [the Corporate Defendants'] day-to-day business operation." (*Id.* at ¶ 13.) She also alleges that Roh manages the Corporate Defendants as a single entity and that he "has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, including payroll accounts, and he has the authority to participate

4

in decisions regarding employee compensation and capital expenditures." (*Id.*) Plaintiff further alleges that the Corporate Defendants share employees. To support her allegation, she alleges that all the clothes collected at Sheen Cleaners was washed by Ruby Cleaners and an employee of Ruby Cleaners distributed plaintiff's wages. As it relates to defendants Roh, Sheen Cleaners, and Ruby Cleaners, these allegations are sufficient to allow the Court to plausibly infer that these defendants were plaintiff's joint employers. *See Alvarez-Castor v. Dog Gone Good Food, Inc.*, No. 15-CV-2440, 2015 WL 7888963, at *2 (N.D. Ill. Dec. 4, 2015); *see also Solis v. Int'l Detective & Protective Serv., Ltd.*, 819 F.Supp.2d 740, 748 (N.D. Ill. 2011) (Kendall, J.) ("'[A] corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA.'") (internal citation omitted).

However, plaintiff's allegations fail when applied to 17's Cleaners because the Complaint contains no specific allegations against it, only general allegations lumping the defendants together. *See Boyce v. SSP Am. MDW, LLC*, No. 19-cv-2157, 2019 WL 3554153, at *4 (N.D. Ill. July 31, 2019) (Kendall, J.) ("[V]ague and undifferentiated allegations are not sufficient to establish a joint-employer relationship."). In light of plaintiff's deficient pleading, the Court dismisses Count I against 17's Cleaners with leave to re-plead.

### 3. IMWL Coverage

Defendants argue that Counts II and III should be dismissed because plaintiff's allegations show that she is not a covered "employee" under the IMWL. The IMWL requires employers to pay employees a minimum wage and overtime wages. 820 ILCS 105/4. The IMWL defines an employee as "any individual permitted to work by an employer in an occupation, … but does not include any individual permitted to work … for an employer employing fewer than 4 employees exclusive of the employer's parent, spouse, or child, or other members of his immediate family." 820 ILCS 105/3(d).

5

Here, defendants argue that plaintiff has plead herself out of court regarding her IMWL claims by alleging that defendants "'had two (2) or more employees.'" (Mem. in Support of Defs.' Mot. to Dismiss at 4). This language, however, is incomplete and quoted out of context. Plaintiff's full sentence reads: "At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or had been produced for commerce." (Compl. at ¶ 11.) When read in the proper context, the Court finds that plaintiff is not alleging the total number of employees employed by defendants, nor was she required to allege such facts at this stage. *See Doe ex rel. Doe v. St. Joseph's Hospital*, 788 F.2d 411, 414 (7th Cir.1986). Instead, plaintiff's allegation is meant to provide support for plaintiff's assertion that she qualifies for enterprise coverage[2] under the FLSA, as discussed above. Accordingly, defendant's motion to dismiss Counts I and II is denied in respect to this aspect of plaintiff's claims.

4. **FLSA and IMWL Claims**

Defendants argue that the Complaint should be dismissed on the grounds that plaintiff does not pled sufficient facts under *Twombly* and *Iqbal* to state FLSA or Illinois wage claims. Below the Court address in turn defendants' argument as it relates to each one of plaintiff's claims.

*Overtime Wages*

Defendants argue that Counts I and II should be dismissed on the grounds that plaintiff has not pled sufficient facts to state a claim for unpaid overtime under FSLA and the IMWL, respectively. Specifically, defendants argue that plaintiff must allege the particular work week in which she worked over 40 hours a week and was not properly compensated, the number of overtime hours unpaid in any particular week, and additional details regarding her work schedule.

---

[2] Enterprise coverage exists where the employer (1) "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person;" and (2) demonstrates an annual gross volume of sales or business done of at least $500,000. 29 U.S.C. § 203(s)(1)(A); *see also Kim v. Korean News of Chicago, Inc.*, No. 17 C 1300, 2020 WL 469314, at *2 (N.D. Ill. Jan. 29, 2020) (Durkin, J.).

The Court rejects this argument. To state a claim for failure to pay overtime, a plaintiff must sufficiently allege forty hours of work in a given workweek as well as some uncompensated time in excess of forty hours. *Lucero v. Leona's Pizzeria, Inc.*, No. 14 C 5612, 2015 WL 191176, at *2 (N.D. Ill. Jan. 13, 2015) (Kennelly, J.). The FLSA and IMWL contain similar overtime requirements; therefore, they are analyzed using the same legal framework. *See* 29 U.S.C. §§ 206(a), 207(a)(1); 820 ILCS 105/4a. To survive a motion to dismiss, plaintiff is not required to plead "infinitesimal details" but must provide "some specific facts to ground" their claims. *See Bland v. Edward D. Jones & Co., L.P.*, 375 F. Supp. 3d 962, 979 (N.D. Ill. 2019) (Dow, J.).

Here, plaintiff alleges that she worked for defendants for 13 years as a cashier and that on average she worked 84 hours per week. She also alleges that defendants failed to compensate her at a rate of one and one-half times her regular hourly rate of pay for overtime hours worked. Plaintiff further identifies the method in which she was paid, her hourly rate, and her weekly salary. Contrary to defendants' argument, these allegations are sufficient to give defendants "fair notice" of what her claims are and "the grounds upon which [they] rest[]," *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955, and therefore are sufficiently pled. *See Diaz v. E&K Cleaners, Inc.*, 2018 WL 439120, at *2 (N.D. Ill. Jan 16, 2018) (Tharp, J.) (plaintiffs adequately pled an overtime claim where they asserted that they "worked 60–72 hours each week" and "their hourly rate of pay" stayed the same "no matter how many hours they worked"). Accordingly, the Court denies defendants' motion to dismiss Counts I and II.

*Minimum Wages*

The Court also rejects defendant's argument that plaintiff failed to sufficiently plead a failure to pay minimum wage claim under the IMWL. The IMWL requires employers to pay their employees a minimum wage for all work performed. 820 ILCS 105/4. Plaintiff asserts this claim based on the same facts as her overtime wages claim. She alleges that she worked for defendants for

7

13 years prior to commencing this action and that during this time defendants failed to pay her the City of Chicago minimum wage rate. Plaintiff provides the number of hours she worked on average each week and her weekly and hourly pay rates. Plaintiff also alleges that her hours were reduced in September of 2019 to 40 hours per week for which defendants only paid her $240 per week at $6.00 per hour, which was less than the City of Chicago and Illinois minimum wage rates. The Court finds that plaintiff's allegations are sufficient to give defendants fair notice of her minimum wage claims. Therefore, the Court denies defendants' motion to dismiss Counts III.

**Conclusion**

For the foregoing reasons, defendants' motion to dismiss [27] is granted in part and denied in part. Further, the Court grants plaintiff leave to file an amended complaint as to Count I within thirty days, in accordance with this Order.

**IT IS SO ORDERED.**

Date: 3/31/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge